BYRON LEMLY *v.* THE STATE.

1. SALE OF LIQUORS. *Code* 1880. *Alcohol ; not "vinous or spirituous liquor."*

Alcohol is not "vinous or spirituous liquor," within the meaning of chapter 39, code 1880; and prior to the act of 1886 (Laws, p. 35), the statutes in this state relating to the sale of intoxicating liquors did not make it unlawful to sell alcohol.

2. SAME. *Alcohol. Indictment for selling.*

Accordingly, an indictment under the code of 1880, for the unlawful sale of alcohol, charges no offense.

FROM the circuit court of the first district of Hinds county. HON. J. B. CHRISMAN, Judge.

Appellant, a druggist in Hinds county, has been convicted upon an indictment charging an unlawful sale of vinous and spirituous liquors—namely, alcohol. The "local option" law of 1886 not being in force in Hinds county, the legality of the sale is referable to the general law contained in chapter 39, code 1880. The defense most relied on was that alcohol is not "vinous or spirituous liquor," and its sale not within the prohibition of the said chapter.

70 Miss.—16

*Calhoon & Green,* for appellant.

The indictment charges no offense.    The word " alcohol " nowhere appears in the legislation of this state on the subject of intoxicating liquors, until the act of 1886.    That, by specially excepting the sale of alcohol, assumes that such sale is legal.    The sale must be of a beverage.    *King* v. *State,* 58 Miss., 737.    According to the common understanding of men, alcohol is not classed as an intoxicating beverage.    It is not " vinous or spirituous liquor."    34 Ark., 340; 98 N. C., 720; 11 Am. & Eng. Enc. L., 579.    See 43 Ark., 155.

*C. M. Williamson,* on the same side.

It is not denied that the sale was intended by appellant as a sale of medicine, not a beverage.    Prior to the act of 1886, the sale of alcohol was not forbidden unless sold and used as an intoxicating beverage.    It is not vinous or spirituous liquor.    34 Ark., 340; 98 N. C., 720.

*Frank Johnston,* on the same side.

*T. M. Miller, attorney-general,* for the state.

The statute, containing no exception, is against the sale of vinous or spirituous liquors.    Spirituous liquor is composed in whole or in part of alcohol extracted by distillation. Therefore, alcohol is spirituous liquor.    2 Humph., 402; 5 Blatchf., 118; 44 N. H., 511.

CAMPBELL, C. J., delivered the opinion of the court.

The indictment does not charge an offense against the law of this state.    Alcohol, the subject of the sale, is not *vinous or spirituous liquor* within the meaning of the statutes in force when the sale was made.    Alcohol is an ingredient or quality of vinous and spirituous liquor of all kinds, but alcohol, specifically, is neither the one nor the other.    It is a distinct thing.    It is the intoxicating principle of vinous and spirituous liquors, but is not such liquor in the contempla-

tion of the statutes adopted in this state prior to March 11, 1886. Those statutes did not employ the terms intoxicating liquors or alcoholic liquors, and the word *alcohol* or *alcoholic* in the statutes first appeared in the act of March 11, 1886 (Laws, page 35), and it draws a distinction between "*alcoholic*" and other liquors in section 6, and, by section 9, makes an exception in favor of "pure alcohol," and authorizes its sale by druggists for certain purposes. This sustains the view that, prior to the act mentioned, alcohol, as such, was not embraced in the terms, *vinous and spirituous*, employed in statutes, and when it was embraced specifically, in terms, by the use of the word *alcoholic*, it was thought proper to authorize its sale by certain persons, for certain purposes. Thus was recognized the marked distinction between the specific thing known as alcohol, and the vinous and spirituous liquors commonly used as beverages, which contain more or less of alcohol, but are not alcohol, although they may be alcoholic. This distinction was just and proper, and exceedingly appropriate to the purpose of the legislation, and the means employed to accomplish it. The purpose was to prevent the evils of intemperance, and the means proposed was the popular vote, by counties, to prohibit, in each county voting for it, the furnishing "*alcoholic, spirituous, vinous, malt* or *intoxicating liquors*," etc. It was thus proposed to exclude, as far as possible, the use of all intoxicating drinks, by preventing their being sold or otherwise furnished. But, as alcohol is not in common use as a beverage, as it is used for altogether different purposes, it shall not be prohibited entirely, but may be sold by licensed druggists for purposes named. This was an intelligent recognition of the difference between alcohol and other liquors, and of the propriety of making provision for obtaining it by those wanting it for proper uses.

It was doubtless well known that alcohol was not a drink, and that it was kept by druggists for their own use, and to sell to others desiring it, not to use as a beverage, but for

useful purposes.    It was probably known that no saloon or
bar or dram-shop keeper ever dispensed alcohol to a customer,
and that this article was never kept by such establishments,
because it was not in their line of trade, and belonged chiefly,
if not exclusively, to druggists.    Hence, the provision on
the subject of its sale.    If it be true that alcohol may be di-
luted and sweetened, and made palatable as a drink, and that
therefore it might be made a means of intemperance, surely,
it must be true that little or no demand would exist for it to
be used as a beverage, if vinous and spirituous liquors, as
commonly understood, could be had.    It may be assumed
that alcohol would rarely, if ever, be wanted for drinking
purposes, if supplies of the ordinary potations could be had.

These observations are intended to show the legislative
understanding in framing the act of 1886, and to draw from
this support for the declaration made in the beginning of
this opinion, that alcohol is a thing distinct from the vinous
and spirituous liquors, the sale of which was regulated by
legislation from time to time in the history of the state.

The act of 1822 on the subject was for the "*restraint of
tippling-houses;*" that of 1839 was for the "*suppression of tip-
pling-houses, and to discourage and prevent the odious vice of
drunkenness.*"    This was followed by the act of February 22,
1842, which laid the basis of the system of licensing the sale
of vinous and spirituous liquors, which has since prevailed
with few changes.    The purpose of each act on the subject
was to restrict, and, as nearly as could be without prohibi-
tion, to suppress the "odious vice of drunkenness," and
therefore the "vinous and spirituous liquors" commonly
used as beverages were included in the statutes; and none
other was.    Alcohol was not included, and, prior to 1886 and
under the former laws, it was not an offense to sell alcohol.
The act of March 11, 1886, was not in force when the sale
charged in the indictment was made in Hinds county, and
the general law contained in the code of 1880 was in force,
under which it was not unlawful for anybody to sell alcohol.

· These views find support in the books (11 Am. & Eng. Enc. L., p. 579, and citations), but they do not need any other support than an intelligent and unprejudiced consideration of legislation in this state on the subject of the liquor traffic.

*Judgment reversed, indictment quashed and the defendant discharged.*