THOMAS PULLIAM ET AL. *v.* ILLINOIS CENTRAL RAILROAD CO.

RAILROADS. *Flying switch.* "*Mere contributory negligence.*" *Recklessness.* Code 1892, § 3548.

> Code 1892, § 3548, rendering flying switches, etc., unlawful in a municipality, and providing that "mere contributory negligence" shall not be a defense to an action for injuries resulting therefrom, was not intended to introduce into our law degrees in contributory negligence. Wilful and wantonly reckless conduct contributing to an injury is not within the statute. *Railway Co.* v. *Jones,* 73 Miss., 110, approved.

FROM the circuit court of Tallahatchie county.

HON. F. A. MONTGOMERY, Judge.

Henry Pulliam, an infant in his seventeenth year of age, was killed by the cars of the railroad company, in December, 1896, within the corporate limits of the village of Oakland, in this state, under the circumstances stated in the opinion of the court. This suit was brought by appellants, brothers of the deceased, for the use of themselves, the other brothers and the sisters, and of the father of deceased, against the railroad company, for damages because of the killing. The deceased did not leave a mother, widow, children, or descendants of children.

*Brewer & Wilson,* for appellants.

There were fifteen witnesses introduced in this case, and there is much conflict in the evidence. Six of the witnesses testify that the defendant was making a flying switch at the time they injured Pulliam. Many of the witnesses testify that the train was running over six miles an hour. It is agreed that it was in the municipality of Oakland.

It is never proper to give a peremptory instruction if there is evidence upon which the jury might, with reason, find the contrary. Appellee must rely for a justification upon the negligence of the deceased, which must be more than mere con-

tributory negligence. This court has ruled twice that it is not even contributory negligence as a matter of law, but is a question for the jury, for one to go on a railroad track, in front of flying box cars, under circumstances very much like the case at bar. *Railroad Co.* v. *Summers*, 68 Miss., 566; *Fulmer* v. *Railroad Co.*, 68 Miss., 355. The record disoloses that the deceased, in order to escape one flying box car, left the main track and went on to the side track, and was simply crossing that when struck. Under this state of facts, it was a question for the jury, prior to the adoption of the code of 1892, to say he was guilty of contributory negligence, and, since the adoption of that section, certainly there is no room for argument on the point. It is insisted that Pulliam was warned by the brakeman, Henry Clay, when he was up at the switch, to look out, but there is no evidence, except Henry Clay's statement, that he had the warning. Besides, there is a conflict in the proof as to whether it was possible for Henry Clay to have warned him as he says he did. Sections 3542 and 3548 of the code of 1892; *Railway Co.* v. *Jones*, 73 Miss., 110; *Railway Co.* v. *Summers*, 68 Miss., 556; *Fulner* v. *Railroad Co.*, 68 Miss., 355; *French* v. *Railroad Co.*, 116 Mass., 537; *O'Shield* v. *Railroad Co.*, 90 Ala., 29; *Brown* v. *Railroad Co.*, 32 N. Y., 597; 34 Am. & Eng. Railroad Cases, 69; 42 *Ib.*, 454; 135 Ill., 641; 151 Ill., 237; 8 Am. & Eng. Enc. L., 73; 58 Ill., 83; 63 Wis., 145; 29 Ia., 37.

*W. C. McLean*, on same side.

The peremptory instruction was granted upon the idea that the evidence showed that the deceased was guilty of such contributory negligence as to debar any recovery. The rule is settled in this state that such an instruction should never be given when there is any evidence to justify the jury in finding a verdict for the party against whom the instruction is directed. *Bedford* v. *Railroad Co.*, 65 Miss., 385; *Tribette* v. *Railroad Co.*, 71 Miss., 227.

Section 3548, code of 1892, provides that the making of a "flying" switch, etc., within the limits of a municipality, shall make the railroad company liable for the damages "without regard to mere contributory negligence of the party injured." This court, in *Railway Co.* v. *Jones*, 73 Miss., 110, in construing this statute, says that, in order for the negligence to debar the recovery, it must be wilful and wantonly reckless. The statute does not mean that one who wantonly puts his foot on the rail to have it cut off by a "kicked" car can shelter himself under its term by saying contributory negligence is no defense. The negligence which usually and ordinarily contributes proximately to the injury, without which the injury would not have occurred, consisting in the want of ordinary care in the situation, is what is meant by the statute, not the voluntary, deliberate, wilful, reckless exposure of one's self to injury. We submit that this is a correct interpretation of the statute, and the case at bar comes literally under its terms. The statute says, "without regard to mere contributory negligence"—that is to say, there must be something more than mere contributory negligence. Mere contributory negligence alone is no defense. What is this something else? An intention; a willingness to be injured. No other sound construction can be placed upon the statute.

It was not negligence for the boy to go upon the railroad track, especially at a place where the public were in the habit of using it. *Fulmer* v. *Railroad Co.*, 68 Miss., 358; *Railroad Co.* v. *McGowan*, 62 Miss., 682. We contend that the record shows a clear case against the defendant without the aid of § 3548 of the code. The case at bar is covered by the recent cases of *Fulmer* v. *Railroad Co.*, 68 Miss., 358; *Railway Co.* v. *Summers*, 68 Miss., 566.

*J. J. Slack*, for appellee.

It is undisputed that the deceased, Henry Pulliam, was coming south along the railroad track in the northern part of

Oakland, and saw a train being cut in two on the main line, and a switch being made, and he was then and there warned by Henry Clay, the switchman, to keep out of the way of the train; that the deceased went from the main track, where he was safe, across the space between the main and side tracks, which was nine feet wide, and where he would have been safe, and got on the side track, where the switching was being done, in full view, and within one hundred and fifty feet, of the whole train, and in face of the previous warning given him by the switch-man; that there was a public road or street running along near to and parallel with the railroad track; that there was nothing to obstruct the view nor anything to cause sudden and unexpected fear or excitement; that the switching was being done in broad daylight, and in the usual and customary transaction of the company's business, when the injury complained of occurred; that all of the railroad employes were busily engaged in their several duties at the time, and did not see deceased in time to prevent the injury.

It has recently been decided by this court, in *Railway Co.* v. *Jones*, 73 Miss., 110, that the voluntary, deliberate, wilful, reckless exposure of the person injured relieves the railroad company of liability under § 3548, code. Was the conduct of Henry Pulliam such as to indicate voluntary, deliberate, wilful, reckless exposure to danger? In view of the undisputed facts in this case, to ask this question is to answer it in the affirmative. What is meant by these terms voluntary, deliberate, wilful, reckless? They simply mean the conscious action of a free agent, uninfluenced by any fear or sudden surprise, excitement or confusion, and the court intended by these expressions to indicate that they would not hold the railroad liable for injuries which result from the acts of one whose conduct indicates a conscious indifference to danger.

" Wilful, as used in courts of law, implies nothing blamable, but merely that the person of whose action or default the expression is used is a free agent, and that what has been done

arises from a spontaneous action of his will. It amounts to nothing more than this, that he knows what he is doing, and is a free agent.'' 29 Am. & Eng. Enc. L., 213, 214. It has been held in California not error to instruct the jury that an act is wilful when done with deliberation, and not through surprise or confusion. *People* v. *Sheldon*, 68 Cal., 434. Reckless simply implies a deliberate disregard for one's safety.

*Mayes & Harris*, on same side.

Under numerous adjudications in this state, the fact that the railroad company was violating the law in running its train at a greater rate of speed than six miles an hour, and in making a flying switch, would not deprive the defendant of the defense of contributory negligence in the absence of the statutory provision in reference to flying switches. In regard to the rate of speed, numerous cases have been before this court, and it has been uniformly held that this only constitutes negligence, and that the defense of contributory negligence may be interposed. 70 Miss., 340; 64 Miss., 784; 62 Miss., 692. Under § 3548 of the code of 1892, kicking switches are made unlawful within the corporate limits of a municipality, and the statute prescribes the penalty, which is, that in case of injury, "mere contributory negligence shall not be a defense."

The question for consideration is, whether a party who has been expressly warned of the impending danger, and who, yet, unnecessarily exposes himself to it, as the deceased, in this case, is shown to have done, is guilty of more than contributory negligence? We insist, in this case, if the conduct of the deceased does not reach that degree of indifference to consequences which would characterize it as wilful, it still must be held that he was guilty of something more than mere contributory negligence. We do not contend that the deceased exposed himself to danger for the express purpose of subjecting himself to injury, but we do contend that his conduct evinced such a want of common prudence as to show a disregard or indifference to consequences.

We know that while there is much in the books to the effect that there are no degrees of negligence, yet we all know that degrees in negligence are recognized. Nothing is more common in our reports, and in the reports of all the states, than the expression " gross negligence," and when this term is used we all recognize the meaning, and we recognize the fact that it is more than mere inattention, more than mere negligence. While the term may be difficult of definition, yet the distinction exists, and nothing is more common than the expression, and when it is used it is understood. And we know, further, it falls short of what we understand by " wilfulness"—that is, in the sense that a party has intentionally and voluntarily subjected himself to injury. We say that a man who walks onto a railroad track without stopping to look or listen is guilty of negligence. We will characterize this as mere negligence. And we know that the degree of negligence in that case would be different from that of a man who, although not intending to subject himself to danger, would lie down on a railroad track and take a nap. We would not say, in the latter case, that the man had subjected himself voluntarily or wilfully to the injury, but we would say that his conduct was " grossly negligent," a higher degree of negligence than that of the man who simply walks upon a railroad track without using his eyes and his ears.

Mr. Beach, in his work on contributory negligence, paragraphs 16, 17, 18. and 74, has much to say in reference to the difference in degrees of negligence, and what is understood by " gross negligence." At paragraph 62, he says that by " gross negligence " is meant exceeding negligence—that it is mere inadvertence in the superlative degree. At paragraph 18 he says " gross negligence " is a failure to exercise even slight care, slight negligence is a failure to exercise great care, or extraordinary care, while the failure to use ordinary care is ordinary negligence. In 37 Ala., 156, the court says: "A grossly careless act may be characterized as reckless, and serious

consequences may result from it, yet such consequences would not necessarily be wilfully brought about."

We take it that if all the facts in this case show that the deceased was guilty of more than mere contributory negligence, guilty of more than a failure to exercise ordinary care, there could be no recovery, and we insist that the court must hold that he failed to exercise ordinary care, because the facts show that he exercised no care at all. His conduct seems to have been characterized by a total indifference to consequences. He had been expressly warned to keep out of the way. There was no earthly necessity for his going where he did—voluntarily undertaking to walk on the railroad track in the face of an obvious danger. The fact that in making a kicking switch the railroad company was violating the law would not entitle the plaintiffs to a recovery, it being shown that the party injured had failed to exercise even the slightest care, because the statute says that mere contributory negligence shall not be a defense, and our court, in *Railway Co.* v. *Jones,* 73 Miss., 123, in remarking upon this statute, says that the words "mere contributory negligence" mean "negligence which usually and ordinarily contributes proximately to the injury, and without which the injury would not have occurred, consisting of the want of ordinary care in the situation; and it does not mean that one could recover who recklessly exposes himself to injury."

Argued orally by *E. L. Brewer* and *Wm. C. McLean,* for appellant, and by *J. B. Harris,* for appellee.

WOODS, C. J., delivered the opinion of the court.

The evidence offered by the appellants on the trial below shows these facts: That Henry Pulliam was fatally injured in the municipality of Oakland by cars making a flying switch and running at a speed variously estimated from ten to twenty miles an hour, and that no lookout was kept by the employes of the appellee for persons who might be on the track; that, in

fact, two flying switches were made almost simultaneously, one
on the main line and the other on the side track; that the de-
ceased was walking down the main line and left that track to
escape the cars being kicked down it, and then stepped upon the
side track and was quickly thereafter run over by the cars
being kicked down that track.

On the theory of the appellee that the deceased was clearly
shown to have been guilty of more than "mere contributory
negligence," the court below peremptorily instructed the jury
to find for the railroad company. From judgment following
the verdict thus obtained this appeal is taken.

Section 3548 of the code of 1892 is as follows: "It shall
not be lawful for any railroad company, or other person, to
switch a railroad car in the manner commonly known as a
'flying,' 'running,' 'walking' or 'kicking' switch, within the
limits of a municipality; and, in case of injury resulting to any
person or property from switching in violation of this section,
the railroad company shall be liable in damages, without regard
to mere contributory negligence of the party injured."

The object of the legislature in the enactment of this statute
is perfectly apparent, as it seems to us. Under the law as de-
clared by the courts prior to the passage of this act, contribu-
tory negligence barred recovery, and the manifest legislative
purpose was simply to alter the rule on this subject, which had
been established by the courts, so as that contributory negli-
gence in cases of injuries inflicted by the highly dangerous and
unlawful handling of cars by flying switches should not there-
after bar recovery. It was not the design to introduce into our
jurisprudence degrees in contributory negligence. The statute
is to be read as if it said contributory negligence simply, or
contributory negligence only, shall not bar recovery. Before
the statute was enacted, contributory negligence—any contrib-
utory negligence—barred. Now, under this section of our code,
contributory negligence merely, or only, shall not bar. But,
as formerly, so now, wilful and wantonly reckless conduct will

bar, but nothing short of conduct of such character will bar the right to recover for injuries inflicted by flying switches in municipalities. This interpretation of this section (§ 3548) was announced in *Railway Co.* v. *Jones*, 73 Miss., 110. It was pressed upon us in that case by the counsel for the railway company, that where there is more than mere contributory negligence, the statute has no application. But the court said, in response to this suggestion of counsel, " The negligence which usually and ordinarily contributes proximately to the injury, without which the injury would not have occurred, consisting in the want of ordinary care in the situation, is what is meant by the statute; not the voluntary, deliberate, wilful, reckless exposure of one's self to injury.'' The case was clearly one for the jury, and the peremptory charge should not have been given.

*Reversed and remanded.*