BERRY SLEDGE *v.* YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY.

[40 South. Rep., 13.]

RAILROADS. *Passenger depots. Code* 1892, § 3549. *Contributory negligence. Willfulness. Recklessness.*

Code 1892, § 3549, providing that mere contributory negligence shall not be a defense to an action against a railroad company for an injury inflicted by the backing of a train along and within fifty feet of a passenger depot at a greater rate of speed than three miles per hour, or at a lesser speed, without the train being preceded by a servant on foot to give warning, is not available to one whose injuries are attributable to his own voluntary, deliberate, willful, or reckless exposure of himself.

FROM the circuit court of, second district, Tallahatchie county. HON. SAMUEL C. COOK, Judge.

Sledge, the appellant, was plaintiff in the court below; the railroad company, appellee, was defendant there. From a judgment in defendant's favor the plaintiff appealed to the supreme court. The facts are sufficiently apparent from the opinion of the court.

*Harris & Powell,* for appellant.

The court below held that the plaintiff was guilty of more than mere contributory negligence. We insist that whether he was or not is a question for the jury.

In the case of *Stevens* v. *Railroad Co.,* 81 Miss., 195 (s.c., 32 South. Rep., 311), the court say: "So many questions are integrated usually into the solution of the question of negligence, it is so necessary to examine all the circumstances making up the solution of the case, that it must be a rare case of negligence that the court will take from the jury."

Now, that was a case in which the injured party was a trespasser in the yard of the railroad company, and, looking back, had actually seen the train which struck him bearing down upon him. Stevens had no right to be where he was, and had no right to expect any protection from the railroad company except that it would not wantonly or willfully injure him. Yet the court said in that case that the question should have been submitted to the jury, to determine whether or not Stevens was guilty of contributory negligence—guilty, not of a degree of negligence exceeding contributory negligence, but of a mere contributory negligence, which, in that case, would have barred a recovery.

In the case of *Railroad Company* v. *Watson,* this court held that Watson, who was a trespasser, and who ran onto the track of the railroad company while the train was rapidly approaching, stumbled, fell, and was killed, could not be held to be guilty of contributory negligence, as a matter of law. The court held in that case that it was proper to submit to the jury the question as to

whether the rate of speed was the proximate cause of the injury. (See 39 South. Rep., 69.)

In the case at bar the evidence shows that the train of the railroad company was being operated in flagrant violation of a positive statute in regard to backing trains, and also in violation of the statute in regard to rate of speed in the corporate limits of the town.

Under the decisions which we have cited above, if the question had been one of mere contributory negligence, it would have been for the jury to say whether, under the circumstances, it was the proximate cause of the injury; but there must, in this case, have been something more than mere contributory negligence to prevent a recovery.    As to what is meant by mere contributory negligence is not an open question.

These words have been interpreted in the cases of *A. & V. Ry. Co.* v. *Jones,* 73 Miss., 110 (s.c., 19 South. Rep., 105); and *Pulliam* v. *Railroad Co.,* 75 Miss., 627 (s.c., 23 South. Rep., 359).    In the latter case this court said that the purpose of the legislature in enacting this and similar statutes was to do away with the defense of contributory negligence for parties injured while the railroad company was acting in violation of those statutes.

*Mayes & Longstreet,* and *C. N. Burch,* for appellee.

Sledge was guilty of willful and wanton carelessness and negligence in attempting to pass between the cars through the open space of six feet when he knew that still another car was moving down on them.    Had he remained where he was, at the corner of the flat car, or had he stepped back instead of attempting to go through, he would not have been injured.

At the time of his injury, appellant was not in the performance of any duty to the railroad company, nor engaged in any service, nor exercising any right, but was merely wandering about at his own free will and choice.

When he reached the opening between these cars, he did not proceed through the opening, but stopped, rested his arm against the flat car, and spent some moments in that position. Had he merely remained in that position, he would not have been injured. After he knew that the cut of freight cars was moving down upon the flat car, after he had just as much knowledge and notice of this fact as any brakeman or flagman could have given him, he did not even then merely remove his arm from the flat car and remain stationary, or step back, which would have insured his safety, but willfully and deliberately, and with full knowledge of the peril involved in the operation, attempted to dash across a six-foot opening, and probably would have gotten safely over if his coat had not caught at the pocket on some part of the flat car against which he had been leaning, thus holding him a prisoner.

The adjudications of this honorable court in construing statutes making certain actions unlawful, and declaring that in such cases mere contributory negligence of the plaintiff shall not bar recovery, all emphasize the fact that the negligence referred to is merely negligence arising from passive or negative action—merely the negligence which is inferable from the lack of action on the part of the injured person, the nonperformance of some duty or vigilance imposed on him under the law. But such statute has never been held to give a right of action where the negligence of the plaintiff was positive, willful, deliberate, and the proximate and direct and certain cause of injury. *A. & V. Ry. Co.* v. *Jones,* 73 Miss., 110 (s.c., 19 South. Rep., 105); *Pulliam* v. *Railroad Co.,* 75 Miss., 627 (s.c., 23 South. Rep., 359).

Calhoon, J., delivered the opinion of the court.

This action is based on Code 1892, § 3549, giving injured persons the right to "recover full damages, without regard to mere contributory negligence," in cases where the injury results from

backing cars within fifty feet of a passenger depot, unless preceded by a servant of the railroad company to give warning. This is held not to be available to those suffering because of their own voluntary, deliberate, willful, reckless exposure. *Pulliam* v. *Railroad Co.,* 75 Miss., 627 (23 South. Rep., 359); *A. & V. Ry. Co.* v. *Jones,* 73 Miss., 110 (19 South. Rep., 105; 55 Am. St. Rep., 488). Sledge was an employe of appellee, and had been such, as he says, "for a pretty good while," to clean out engines and ash pans. One night, being off duty, he had occasion to cross the railroad. There was an opening of about six feet between two parts of a train, through which employes were authorized and accustomed to go, to and from their work, and through this he intended to pass. Getting to this opening of the train, which was on a sidetrack, on one end fronted a box car and on the other a flat car, and he stopped a few moments with his elbow on the flat car. From this position he was about to move across the track. To use his own words, he was just "fixing to step." At this moment he saw the part of the train ending with the box car moving on him. If he had stepped back one step, he would not have been hurt; if he had stood stock-still, it is likely he would have been safe. But he thought he could pass through in the direction he was going, and tried to do it by a quick movement. Even then he was absolutely safe, but for the casualty that his pocket caught on the knuckle of the flat car, thus throwing him and causing the sad result. Section 3549 does not apply to a case like this, and the peremptory instruction was proper.

*Affirmed.*