## PAYNE *v.* STATE ET AL.

### [88 South 483, No. 21740.]

INTOXICATING LIQUORS. *Jamaica ginger is "spirituous" or "vinous liquor" within act imposing penalties for sale.*

Chapter 256, Laws 1912, imposing penalties to be recovered in a civil action where the sale or giving away of "spirituous" or "vinous" liquors is permitted, embraces preparations of whatever name, containing alcohol in large quantities, which are sold as beverages. It applies to Jamaica ginger, which contains only pure alcohol and the essence of ginger, where it is sold as a beverage and not as a medicine. *Lemly* v. *State,* 70 Miss. 241, 12 South, 22, 20 L. R. A. 645, distinguished (citing Words and Phrases, Spirituous Liquors).

APPEAL from chancery court of Lee county.

HON. A. J. McINTYRE, Chancellor.

Suit by the state against R. S. Payne for the abatement of a nuisance. Judgment for complainant, and defendant appeals. Affirmed.

*George T. Mitchell* and *C. R. Bolton,* for appellant.

We desire to call the court's attention to the failure of appellee's brief to distinguish between "spirituous" liquor and "intoxicating" liquor, which is a very important distinction under the statute in question. The law does not include all "intoxicating" liquors. We have not contended that Jamaica ginger is not intoxicating, but we do say that it is not included in spirituous liquor under the terms of the law of 1912.

Counsel for appellees takes the position in his brief that because liquor contains alcohol, it is therefore spirituous, and yet he waives aside the Collotta case because he says that is malt liquor. If he is right in his contention, and the conclusions that he would draw from the authorities cited are correct, that a liquor is spirituous because it

contains alcohol, then it must be that this court was in error in the Collotta case in holding that the liquor in question, which contained a considerable amount of alcohol, was not spirituous liquor. The fact that a certain liquor contains alcohol cannot be the true test as to whether or not it is spirituous; else all intoxicating liquors, whether malt, vinous or alcoholic, would be spirituous. We think the Collotta case is very much in point and quote the following from it as completely refuting appellee's contention.

It is argued that the liquor as one of its elements contained alcohol, and that alcohol is a spirituous liquor and is also intoxicating, and therefore the legislature must have intended by the use of the word spirituous to give the remedy pursued against persons selling intoxicating liquors. It might be possible to construe the word as synonymous with intoxicating, but for the fact that vinous liquor is also intoxicating and sometimes contains a much greater percentage of alcohol than the liquor sold in this instance, and for this reason, if for no other, it is obvious that the legislature did not think that spirituous would cover vinous liquors.

Likewise appellee's brief brushes aside the case of *Lemly* v. *State,* 70 Miss. 241, as obsolete and cites in support of his position cases from other states. It may be true that the liquor laws themselves in force at that time are now obsolete, but it is also true that the definitions and construction given to terms then are just as modern now as they were then. What was spirituous liquor then is spirituous liquor now, and what was not spirituous liquor then can be no more spirituous now. This is especially true since it is to be assumed that the lawmakers knew the definition the courts had placed upon the words employed by it.

Counsel for appellees calls attention to the fact that the Lemly case was decided in 1892 and conditions are now different. The law in question in this case was passed in 1912 when conditions were also different from what

they are now, and we desire to re-iterate that the intent of the legislature is to be determined as of that date and not now, a matter which appellee's brief evades altogether.

It is asserted that Jamaica ginger is either spirituous liquor or it is medicine. This is not necessarily so. It might be simply alcohol. If spirituous covers all liquors containing alcohol, why did the legislature of 1912 in chapter 214 use the term alcoholic. We say in conclusion that by common usage no one thinks of Jamaica ginger as a spirituous liquor, a term ordinarily applied to regularly prepared beverages, and the legislature did not include it in chapter 256 of the Laws of 1912. We therefore again submit that the case should be reversed.

*H. Cassedy Holden,* special assistant attorney-general for the state.

It is further contended by the appellant that Jamaica ginger is not spirituous liquor, and is without the scope of the statute, and that therefore, the chancery court had no jurisdiction to entertain the bill of complainants. Sections 2121 and 2122 of Hemingway's Code read as follows:

"That any person who may sell or give away vinous or spirituous liquors unlawfully, or who shall allow the same to be sold or given away at his place of business, for any purpose whatever, or shall permit any person not interested in or connected with such business to keep and drink or give away at such place of business any vinous or spirituous liquors, shall be subject to pay to the state, county, city town or village, where the offense is committed, each, the sum of five hundred dollars; and the state, county, city, town or village, or taxpayer of the state county, city, town or village in the name thereof, or the state revenue agent, or any sheriff within the county acting for them, may sue for and recover civilly, either jointly or separately, each said sum of five hundred dollars; and such civil suit may be commenced by attachment without bond (Laws 1912, ch. 256, in effect March 16, 1912).

The chancery court shall have concurrent jurisdiction with courts of law to entertain suits under the preceding section for the enforcement thereof instituted by the state, county or any city, town or village, or by any taxpayer thereof, in the name of the state, county, city, town or village, or by the state revenue agent, or by any sheriff within his county acting for them, and the chancery court shall have authority to suppress as a nuisance any place of business where the preceding section is violated, and by proper judgments and orders, punish and restrain the violators thereof. (Laws 1910, ch. 134. In effect April 15, 1910).

"Spirituous liquors, are defined as follows: (Words and phrases) Spirituous liquors is that which is in whole or in part composed of alcohol, extracted by distillation, such as whiskey, brandy or rum; these being regarded as spirituous and intoxicating liquors, without the necessity of proof." *Marks* v. *State,* 48 So. 864, 868, 159 Ala. 71, 133 Am. St. Rep. 20. Pure alcohol is within the term spirituous and intoxicating liquors. *Marks* v. *State,* 48 So. 864, 868, 159 Ala. 71, 133 Am. St. Rep. 20.

Alcohol is judicially recognized as a spirituous and intoxicating liquor. *Cureton* v. *State,* 70 S. E., 333, 135 Ga. 660. In *State* v. *Giersch,* 98 N. C. 720, the court said: "spirituous means containing, partaking of, spirit; having the refined, strong, ardent quality of alcohol in greater or less degree. Hence spirituous liquors imply such liquors as above defined, as contain alcohol and thus have spirit— no matter by what particular name denominated, or in what liquid form or combination they may appear. See also *State* v. *Nash,* 97 N. Car. 514, in which the question is discussed but not decided; and *Jones* v. *Surprise,* 64 N. H. 243, where it was held that a sale of intoxicating wine is prohibited by a statute prohibiting the sale of spirituous liquors. *State* v. *Agalos,* 107 Am. 314; *State* v. *Kollar,* 186 Pac. 968; *State* v. *Hosmer,* 175 N. W. 683. (S. C.) If a grocer sells Jamaica ginger and lemon extract, knowing that they are bought to be used as a beverage, he violates

the liquor law, if they contain the prohibited percentage of alcohol. *State* v. *Johnson,* 101 S. E. 851.

In *State* v. *Good* (W. Va.), 49 S. E. 121, it was held that proof of an unlawful sale of a mixture, preparation or liquid called Rikk, which contains alcohol and will produce intoxication, will sustain a conviction upon an indictment charging the unlawful sale of spirituous liquors, wine, porter, ale, beer, and drinks of like nature. *McNeil* v. *Horan,* 153 Ia. 630, 133 N. W. 1070 (Centennial Tonic Bitters); *Clement* v. *Dwight,* 137 App. Div. 389, 121 N. Y. S. 788; *Berner* v. *McHenry,* 169 Ia. 483, 151 N. W. 450.

Where an alleged medicinal preparation containing alcohol is held to come within the purview of a statute forbidding the sale of intoxicating liquors without a permit or license, the fact that the defendant makes a sale thereof in good faith as a medicine will not be a defense, the intent or motive with which the sale is made being immaterial. *Com.* v. *Hallett,* 103 Mass. 452; See, also, *State* v. *Benson,* 154 Ia. 313, 134 N. W. 851. Thus in *Com.* v. *Hallett, supra,* it was held that the trial court properly ruled as follows: "that the defendant might show that the article (plantation bitters) sold was a medicine, or that it was not intoxicating liquor, but that his statement that he sold it as medicine in good faith, and proof that it was generally sold as a medicine, would not be a defense; that it was his duty to ascertain what was the character of the article he sold, and if he sold it without ascertaining its true quality, and it was intoxicating liquor, he would be liable therefor." *King et al.* v. *State,* 58 Miss. 737; *State* v. *Marshall* (Miss), 56 So. 797. *Collotta* v. *State,* this court held through Justice Cook that beer, being a malt liquor, did not come within chapter 256, Laws 1912, section 2121, Hemingway's Code. This case is not in point with the case at bar for the reason that Jamaica ginger is not a malt liquor, and of this the court will take judicial notice. Jamaica ginger is either a spirituous liquor or it is a medicine. It cannot be defined as a malt liquor.

The case of *Lemly* v. *State,* 70 Miss. 241, is not in point with the case at bar. In the Lemly case it was held that pure alcohol, or alcohol unmixed with other ingredients is not spirituous liquor within the meaning of chapter 398 of the Laws of 1880, *contra,* see cases above cited. A reading of this case will readily disclose its dissimilarity to the case at bar from the standpoints of both law and facts. This case was decided in 1892. At that time, whiskey, wine and beer and the usual alcoholic drinks could be obtained lawfully in this state.

It is respectfully submitted that this case was decided by a court confronted with an entirely different situation from that which was presented to the court below in the case at bar. The decision in the Lemly case has become obsolete and cannot longer be authority.

It is submitted that the judgment of the lower court should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The state of Mississippi and county of Lee filed a bill in the chancery court against the appellant, Payne, alleging that the appellant was engaged in the business of selling spirituous and intoxicating liquors and drinks, consisting mainly of what is known as Jamaica ginger, lemon, vanilla, and pineapple extracts, consisting of eighty per cent. to ninety per cent alcohol, which, if drunk in the usual way that intoxicating liquors are drunk, will and do cause intoxication, and that the appellant had sold named persons such liquors, and that he conducted a store, carrying on a small mercantile business, in connection with which he sells intoxicating liquors and carries them in the said storehouse for that purpose; and prayed for a judgment against the appellant for five hundred dollars for the state of Mississippi, and five hundred dollars for Lee county, and for a decree abating said place of business as a nuisance. The defendant denied the allegations of the bill with reference to the sale of said articles, and denied that said articles

were spirituous liquors. Proof for the plaintiff showed that the appellant had sold Jamaica ginger to numbers of people in such quantities and under such circumstances as would warrant the belief that they were sold as beverages, were used as beverages, and produced intoxication in the buyers. The chancellor held that the sale constituted a sale of spirituous liquors within the meaning of chapter 256, Laws of 1912 (Hemingway's Code, section 2121).

It is the contention of the appellant that the preparation which he sold consisted of alcohol and the essence of ginger, and was not spirituous liquors within the meaning of said statute. The statute reads as follows:

"That any person who may sell or give away vinous or spirituous liquors unlawfully, or who shall allow the same to be sold or given away at his place of business, for any purpose whatever, or shall permit any person not interested in or connected with such business to keep or drink or give away at such place of business any vinous or spirituous liquors, shall be subject to pay to the state, county, city, town or village, where the offense is committed, each, the sum of five hundred dollars; and the state, county, city, town or village, or any taxpayer of the state, county, city, town or village in the name thereof, or the state revenue agent, or any sheriff within the county acting for them, may sue for and recover civilly, either jointly or separately, each said sum of five hundred dollars; and such civil suit may be commenced by attachment without bond."

The appellant relies principally upon the case of *Lemly* v. *State*, 70 Miss. 241, 12 So. 22, 20 L. R. A. 645, in which opinion this court, speaking through Chief Justice CAMP-BELL, held that pure alcohol was not a spirituous liquor within the meaning of chapter 39, Code of 1880. It is true that the syllabus of this opinion states that alcohol is not vinous or spirituous liquor within the meaning of chapter 39, Code of 1880, and that prior to the passage of the Laws of 1886, p. 35, alcohol was specifically first mentioned in the laws prohibiting the sale of spirituous and intoxicating liquors. The reasoning of this opinion is that

the legislature did not contemplate alcohol prior to 1886 because alcohol was not usually sold as a beverage and was regularly sold by druggists for certain purposes, and that it was not the intention of the legislature to embrace pure alcohol in prohibiting the sale of spirituous liquors because such liquors as were then sold as beverages were not prepared from alcohol, or from pure alcohol, but were distilled. In that case the opinion was a correct construction of the legislative intent as applied to the laws in the Code of 1880 and the evils with which that Code was dealing. The true purpose of the rules of construction is to ascertain the legislative intent, and all statutes bearing on the subject may be considered. The general definition of spirituous liquors would include alcohol, and most of the authorities of other states in defining the term "spirituous liquors" make it embrace alcohol. The Standard dictionary defines "spirituous" as follows:

"Containing alcohol; especially, containing a large percentage of alcohol; intoxicating; ardent; as, spirituous wine; specifically, distilled, in distinction from fermented or brewed."

In Words and Phrases, First Series, it is said:

"Spirituous liquors technically and strictly include all liquors which contain alcohol in appreciable quantities. In this sense vinous and malt liquors are also spirituous, in that each contains spirits of alcohol; but in ordinary acceptation the term 'spirituous' liquors imports distilled liquors, and in a statute requiring a license to sell spirituous, vinous, or malt liquors the term is employed in its ordinary sense, as indicated from the use of the superadded terms 'vinous' and 'malt,' which have no office to perform unless the phrase 'spirituous liquors' is confined to the definition which it has in common parlance, denoting liquids which are the results of distillation."

"Spirituous liquors imply such liquors as contain alcohol, and thus have spirit, no matter by what particular name denominated, or in what legal form or combination they may appear. Hence distilled liquors, fermented liq-

uors, and vinous liquors are all spirituous liquors. 'Spirit-
ous' means containing or partaking of spirit; having the
refined, strong, ardent quality of alcohol in greater or less
degree."

In chapter 256, Laws of 1912 (Hemingway's Code
section 2121), above set out, the language used in describ-
ing liquors is "vinuous or spirituous." This language must
be interpreted in the light of the legislative history and
general course of judicial definition, and it is not govern-
ed solely by the definition laid down in the case of *Lemly*
v. *State, supra.* The language in that case is not one of
precise definition, but is one of interpretation in the light
of legislative history and public policy. However, the
court has condemned the sale of liquors which contained
high percentage of alcohol as beverages both prior to
and subsequent to the decisions of the Lemly Case, and,
whatever may be said as to the correct distinction of pure
alcohol and beverages, a sale of beverages containing high
percentages of alcohol, mixed so as to make palatable
as a drink and not as a medicine, is condemned by the
law as coming within the definition of spirituous liquors.

In the case of *King & Wall* v. *State,* 58 Miss. 737,
38 Am. Rep. 344, it was held that where the appellants
were indicted for selling vinous and spirituous liquors
without license, and the defendants had been selling a
compound called "Home Bitters," which they claimed was
a medicine, though it contained thirty per cent. of alco-
hol, the other ingredients being bark, peelings, and
seeds of trees, fruit, herbs, etc., and it was sold as any
other merchandise without any inquiry by the seller as
to the purpose for which it was being bought, and the
witnesses for the prosecution testified that they bought
it because of the alcohol contained in it, and for the pur-
pose of producing intoxication, and the trial court in-
structed the jury, in effect, that if the compound was in-
toxicating, and was sold by defendant as a spirituous
beverage, and not as a medicine, they ought to find the
defendants guilty. And for the defendants the court

charged the jury, substantially, that if the defendants sold the compound in good faith as a medicine, and not as a spirituous beverage, they ought to be acquitted, notwithstanding the fact that it contained spirituous liquors sufficient to intoxicate, and this court held these instructions to properly present the law. To the same effect are *Bertrand* v. *State,* 73 Miss. 56, 18 So. 545; *Goode* v. *State* 87 Miss. 499, 40 So. 13.

We think the proof in the present case shows with sufficient clearness that the appellant was selling this Jamaica ginger as a beverage. At least he knew it was being so used, or it was sold in such quantities as to indicate such knowledge. Since 1908 a sale of alcohol has been prohibited except under very restricted conditions not applicable to this case. Under the present policy of absolute prohibition, and especially from 1908 to date, it is plain that the legislative policy has been to prohibit the sale of intoxicating liquors under whatever name and under whatever form proposed to be sold. The acts of 1910 and of 1912 used terms, and enacted laws, with this end in view; and the purpose of enacting chapter 256, Laws of 1912, was to enable the authorities charged with the enforcement of the liquor laws to suppress the liquor traffic by imposing penalties to be recovered in civil actions, and by injunction in addition to the regular criminal laws.

We are therefore of the opinion that the liquor sold in the present case comes within the purview and purpose of chapter 256, Laws of 1912 (Hemingway's Code, section 2121), and the judgment will be affirmed.

*Affirmed.*