STATE *ex rel. v.* CARR *et al.*

(In Banc.  Oct. 13, 1941.)

[4 So. (2d) 237.  No. 34603.]

Greek L. Rice, Attorney-General, by Geo. H. Ethridge, Assistant Attorney-General, for appellant.

W. A. Strong, Jr., Rodgers & Prisock, Hoy Hathorn, and **F. L. Reich,** all of Louisville, for appellees.

**McGehee, J.,** delivered the opinion of the court.

In a bill of complaint filed on behalf of the state and Winston County by the district attorney of the district wherein said county is located, it is sought (1) to recover the sum of $500 alleged to be due to each by the appellee as a tax imposed by section 2000, Code of 1930, for selling intoxicating liquors, particularly alcohol, for beverage purposes, and therefore unlawfully; and (2) to suppress as a nuisance, under the authority of section 2001, the place of business of the appellee at which the same is alleged to have been kept and sold for such purposes. There was a special demurrer filed by appellee challenging the right of the district attorney to bring a suit under the sections of the Code above referred to. The final decree, dismissing the bill, recites that the general and special demurrers were overruled, and that after hearing the evidence the court finds that S. T. Carr is a licensed pharmacist and druggist, and that his place of business is a licensed drug store, with the right to possess alcohol; that the proof fails to show that the alcohol charged to have been purchased from him was sold for beverage purposes, or that his place of business was a common nuisance.

We are of the opinion that the evidence sustains the finding of the Chancellor that the appellee's place of business is a licensed drug store, and entitled to keep and possess alcohol, and while the proof may have been ample to sustain a finding that in this instance alcohol was sold at the drug store for beverage purposes, in violation of law, it is unnecessary that we pass on the question of whether such finding to the contrary was manifestly wrong, for the reason that the special demurrer, by which the alleged right of the district attorney to bring the suit to recover the $500 tax was challenged, should be sustained, under the authority of Sullivan v. Gully, State Tax Collector, 187 Miss. 134, 192 So. 568, holding that the district attorney was not authorized to bring the suit under said sections 2000 and 2001, Code of 1930, but that

such officer is authorized to sue in proper cases under section 2007, Code 1930, to abate by write of injunction, as a common nuisance, a place where intoxicating liquors "are found kept or possessed."

No tax is levied by section 2007, but rather the tax is imposed by section 2000 of the Code, for selling or giving away any malt, vinous or spirituous liquors unlawfully.

If it be contended that under the prayer for general relief the trial court would be entitled to grant the injunction under section 2007 at the instance of the district attorney, then we say that in the instant case the decision in Payne v. State et al., 125 Miss. 896, 88 So. 483, holding that preparations containing alcohol in large quantities, which are sold as beverages, constitute vinous or spirituous liquors, would seem to justify the suit being more properly brought under sections 2000 and 2001, Code of 1930, and only by the State Tax Collector, or any sheriff or taxpayer of the county, since the complaint in the case at bar is not that alcohol is kept or possessed at the drug store, but that it was sold for beverage purposes, in violation of sections 2000 and 2001 of the Code.

Section 1995, Code of 1930, provides that any licensed retail drug store may sell "pure" alcohol for medicinal purposes; and section 1996 prohibits the sale of "pure" alcohol for medicinal purposes except on the written pre-. scription of a licensed and practicing physician of this state. The two specific sales in the instant case, as complained of in the bill, and disclosed by the proof, were made to the purchaser with the intention on his part to obtain the same as evidence, and without any prescription of a physician; and the general reputation of the drug store as to the sale of.alcohol for beverage purposes was relied upon to make out the case. But the Chancellor held that the proof was insufficient to establish that fact, or to show that the place of business constituted a common nuisance. And as to the application of sections 1995 and 1996, the state chemist testified on behalf of the complainant, and stated that the preparation sold to the

man who purchased it to use as evidence against the appellee, contained 82% alcohol; whereas, the witness further stated that "pure" alcohol would run from 98% to 100%. Moreover, the suit was not predicated on these two last-mentioned statutes, but is for the recovery of the tax, and to obtain the injunctive relief provided for by sections 2000 and 2001, and it is conceded in the briefs of counsel that this proceeding is brought under said sections 2000 and 2001, for the specific purposes above mentioned.

We are therefore of the opinion that the decree of the court below, dismissing the bill, should be affirmed, whether it was rendered on the correct theory or not.

Affirmed.